BILOXI CITY RAILROAD CO. *v.* ELIZABETH C. MALONEY.

EXEMPLARY DAMAGES.    *Highway.    Street railroad.*

> Exemplary damages are not recoverable by the owner of a lot against a street railroad company for the erection of a structure in a highway so near plaintiff's lot as to obstruct free passage, where no wanton conduct, wilful wrong, malice, oppression or insult is shown, and the structure is seasonably removed.        /

FROM the circuit court of Harrison county.

HON. H. S. TERRAL, Judge.

Mrs. Maloney, appellee, owned a lot in or near Biloxi, along the rear of which a public road ran, with a passageway from the lot to the highway. The city railroad company, appellant, in the construction of its track, erected a trestle about three feet high and about three feet from appellee's fence, which obstructed free passage from the lot to the highway or street. The suit was for damages by appellee against appellant. There

was no evidence of wanton conduct, wilful wrong, malice, oppression or insult.   The opinion contains a further statement of the facts.

*Calhoon & Green,* for appellant.

It is manifest that the verdict in this case is for vindictive damages.   Such damages should not be allowed.   The court will promptly distinguish this from that line of cases applying to injuries from the negligent operation of dangerous agencies, such as steam, or the careless handling of fire or explosives, or those accompanied with insult.   No case similar to this can be found where punitive damages were allowed.   In every instance of such allowance, there is some evidence of insult, malice, oppression, or a wanton disregard of the rights of others.   In order to justify the award of punitive damages, there must be more than a mere disregard of private rights; there must be some evil intent.   *Wilkinson* v. *Searcy,* 76 Ala., 176; *Railroad Co.* v. *Hoeflitch,* 62 Md., 301; *Railroad Co.* v. *Sourr,* 59 Miss., 456; *Railroad Co.* v. *Purnell,* 61 Miss., 652; *Forsee* v. *Railroad Co.,* 63 Miss., 67; *Railroad Co.* v. *Scanlan,* 63 Miss., 413.   The cases in the books where vindictive damages are allowed in property matters for wilfulness, show that the term " wilful " is used in the sense of a wanton disregard of the rights of others, and does not include cases where the act proceeded upon belief of a right.   *Storm* v. *Green,* 51 Miss., 108; *Johnson* v. *Stone,* 69 Miss., 826; *Railroad Co.* v. *Green,* 52 Miss., 779.

The injury must be done where the tort feasor knows that he is infringing the rights of others, and not in cases where he merely has reason to suppose the existence of those other rights, and not then where there is no appearance of outrage, insult or oppression, but the mere exercise of what is believed to be the right of the party acting.   *Inman* v. *Ball,* 65 Iowa, 543; *Dow* v. *Julien,* 32 Kan., 576; *Phelps* v. *Owens,* 11 Cal., 22; *Warren* v. *Cole,* 15 Mich., 273.   Exemplary damages for

a tort to property should not be allowed in the absence of insult in the assertion of a supposed right. *Detroit* v. *Dailey*, 16 Mich., 447; 1 Suth. on Damages, secs. 393–396, 390–392, 399; *Holmnes* v. *Railroad Co.*, 94 N. C., 318. If the trouble is easily remedied, the plaintiff cannot recover so much. In the case at bar, the removal of a gate fifty feet would have prevented all inconvenience whatever, and the appellant offered to do this. Shear. & Red. on Neg., secs. 701, 745, 746, 750, and note 1 to sec. 748. All the authorities concur that the question whether the evidence, if true, would warrant vindictive damages, is for the court.

*E. J. Bowers* and *D. B. H. Chaffe*, for the appellee.

The erection of a nuisance, specially hurtful to appellee, without warrant of law, and over her express protest, is reckless, wilful and wanton. The court will bear in mind that no warrant is shown by this record for the erection of the trestle or track. The appellant was a wrongdoer acting without authority and with force, over objection. Surely such an act was reckless, wilful and wanton. Wherever there is a "wilful, malicious or reckless tort to person or property," exemplary damages are recoverable. 1 Sutherland on Damages, sec. 391. "If a wrong is done wilfully—that is, if a tort is committed deliberately, recklessly or by wilful negligence, with a present consciousness of invading another's right—an undoubted case is presented for exemplary damages." 1 Sutherland on Damages, sec. 393, p. 846; *Lake Shore Railway* v. *Rozenzweig*, 113 Pa., 519.

STOCKDALE, J., delivered the opinion of the court.

We have examined the record in this case carefully and thoroughly, and it is evident that a large portion of the verdict was composed of exemplary or punitive damages. Most of the instructions given at the instance of plaintiff were in support of exemplary damages, and one of defendant's instructions was modified in that direction by the court. Much of the

vigorous argument of appellee's counsel is pointed to sustain appellee's right to punitive damages.    From a careful scrutiny of the testimony, and an examination of all the authorities cited by counsel on both sides, taking into view the interview between the general manager of the railroad and Mr. Maloney, the son and agent of the owner of the property claimed to be injured, and who attended to practically all her business, as testified to by Mr. Maloney himself, and as testified to by Mr. Burkland, general manager (and not disputed by Mr. Maloney when reintroduced as a witness), when the work was just begun, and that the work had progressed very far when the letter was written by the agent of the owner that the trestle must be removed, and the interview with the general manager with the owner herself, when ''the work was not quite finished.''    And, in view of all the facts in proof in the case, including the actions of Mr. Burkland, general manager of the railroad, and with whom all the communications and interviews about the matter were had, who seems, so far as the record shows, to have been always polite, evincing a disposition to accommodate, rather than inconvenience people—offered to do anything in his power to avoid injury or inconvenience to the owner or the property of Mrs. Maloney; offered to remove the trestle on the other side of the street to avoid inconvenience or annoyance to her.    He removed the trestle from that street before the trial of this cause, and the owner of the property did not testify in the case.    In all the actions and efforts of those people (defendants below) to construct that public improvement, there does not appear to have been such wanton conduct or wilful wrongdoing or malicious or insulting conduct as warranted or will sustain a verdict for vindictive damages.    Having no guide to enable us to divide the verdict and judgment as to real and punitive damages, we have only the alternative to remand the cause for rehearing before a jury.

*The judgment of the court below is reversed and a new trial granted, and the cause remanded.*