124

## Lynn *v.* R. G. Le Tourneau, Inc.

No. 41195          July 2, 1959          113 So. 2d 659

*Prewitt & Bullard,* Vicksburg, for appellant.

Brunini, Everett, Grantham & Quinn, Vicksburg, for appellee.

HOLMES, J.

The appellant, Mrs. Mary Ellen Lynn, brought this suit in the Circuit Court of Warren County against the appellee, R. G. LeTourneau, Inc., seeking to recover both actual and punitive damages for alleged acts of trespass claimed to have been committed by the appellee upon the land and property of the appellant.

The declaration was in three counts. The first count charged that in October 1955 the appellee transported or carried a boat or ship of tremendous size and weight

across the land of the appellant without permission, right, or license, resulting in damages to the land of the appellant. The second count charged that the appellee, on April 28, 1955, constructed a road across the land of the appellant without permission, right or license and wrongfully appropriated and occupied portions of the appellant's land until September 10, 1956. The third count charged that in September 1953, the appellee, while using the county road in front of the appellant's property to transport large structures, damaged or destroyed about 80 feet of the appellant's fence.

It was further charged in the declaration that the several acts of the appellee complained of were committed wilfully, oppressively, and without regard to the rights of the appellant, thereby entitling the appellant to both actual and punitive damages.

The appellee denied all of the material allegations of the declaration with the exception that it admitted that it constructed a dirt road across the property of the appellant, but alleged this was done with the full knowledge, consent, permission and acquiescence of the appellant.

The case was first tried at the October 1957 term of the circuit court. On that trial, the court submitted to the jury the question of punitive damages. The trial resulted in a verdict and judgment for the appellant in the sum of $12,000. A motion for a new trial was made and sustained on the ground that the trial court erred in submitting to the jury the question of punitive damages.

At the April 1958 term of the circuit court, a second trial of the case was held. On this trial the court refused appellant's requested instruction submitting to the jury the question of punitive damages and granted an instruction for the appellee instructing the jury that punitive damages could not be awarded under the facts of this case. This trial resulted in a verdict and judg-

ment in favor of the appellant for actual damages in the sum of $767.80. From this latter judgment, the appellant prosecutes this appeal. There is no cross-appeal by the appellee.

It is contended by the appellant that the trial court erred in setting aside the first verdict and in refusing on the second trial to submit to the jury the question of punitive damages.

The litigation arises out of the following state of facts as disclosed by the record: In January 1948, the appellant purchased for the sum of $2,000 approximately 50½ acres of land located south of Vicksburg on the Mississippi River. She occupied this property as a homestead and farmed some portions of it, but her principal occupation appears to have been catching and selling fish from the Mississippi River, which was to the back of her property. The front of her property faced a county public road. The appellee owned property a short distance to the north of appellant's property, on which it had its principal manufacturing plant used in fabricating offshore drilling rigs or platforms. It also owned property to the south of the appellant's property whereat materials and structures brought from its principal plant were assembled. Because of curves in the county road and its inadequacy for the transportation of heavy structures from the appellee's main plant to its property south of the appellant's property, the appellee desired permission of the appellant to cross her property. According to the testimony of the appellee, the appellee requested and was granted permission to haul three large tanks across the appellant's property, and this it did, and no issue in this case is raised with reference to the right and authority of the appellee to so transport the said three tanks across the appellant's property. A few months thereafter, on April 28, 1955, the appellee began the construction of a dirt road across the property of the appellant. The appellee

claimed the right to construct said road across the appellant's property under permission theretofore granted to cross the appellant's property.

The appellant testified that no permission was granted to the appellee to construct said road and that the same was constructed and used by the appellee without right, authority or license granted by the appellant. It is conclusively established by the evidence, however, that the appellant saw the appellee when it began the construction of said road, and knew and was fully aware of the fact that the same was being constructed by the appellee, and knew that it was being thereafter used by the appellee, but the appellant made no protest or objection thereto until in the month of July or August 1956, and even then the appellant made no demand of the appellee to remove from her property, but began negotiations with the appellee for compensation for its use of her property. These negotiations resulted in no agreement with reference to the compensation, and thereupon the appellant notified the appellee to remove from her property, and this the appellee did on September 10, 1956. The proof shows that upon the failure of negotiations to reach an agreement as to proper compensation to be paid by the appellee for the use of said property, the appellee offered to obliterate the said road and restore the land to the condition in which it was in before said road was constructed, but this offer was declined by the appellant for the reason, as stated by appellant, that she wanted to leave the road there as evidence.

It was also testified by the appellant that in 1953, the appellee, while transporting structures along the county road, tore down or destroyed about 80 feet of the fence of the appellant. The record discloses, however, that no claim was asserted against the appellee for the damages to the fence until this suit was filed, which was about four years after the alleged occur-

rence. The appellee testified that it knew nothing about this incident until the suit was filed and that had claim been made at the time and shown to be true, it would have restored the fence or compensated the appellant therefor.

It was further testified by the appellant that in October 1955 the appellee transported across her property a large boat or ship and in so doing destroyed vegetation and injured the soil on the land of the appellant, and that this was done without right or authority or license from the appellant. According to the testimony introduced on behalf of the appellee, the appellee denied that it had caused the alleged damage and stated that it was so using the property of the appellant under the permission originally granted to it to cross appellant's property. The proof further shows that the appellant made no claim at the time for damages alleged to have resulted from transporting said boat or ship across her property.

The proof on behalf of the appellee further showed that the appellee, in committing the several acts upon the property of the appellant, was acting under the belief that it had the permission of the appellant so to do.

There is no issue on this appeal as to the question of actual damages awarded in the court below. That question was settled in the court below and the appellee has prosecuted no cross-appeal therefrom. The question on this appeal is whether or not the case under the facts is one warranting the imposition of punitive damages. After a careful scrutiny of the evidence in this case, we find no evidence of wanton conduct, wilful wrong, malice, oppression, fraud, or insult chargeable to the appellee. We are of the opinion, therefore, that the case is not one that calls for punitive damages since the evidence fails to disclose elements of wilfulness, oppression, fraud, or wantonness accompanying the alleged acts of trespass. Biloxi City Railroad Company v. Maloney, 74 Miss. 738,

21 So. 561; Western Union Telegraph Co. v. Johnston, 114 So. 746.

In view of this conclusion, we are of the opinion that the trial court committed no error in sustaining the motion to set aside the verdict and judgment rendered on the first trial and in refusing to submit to the jury on the second trial the question of punitive damages. It follows from these views that the judgment of the court below should be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.